Leighton *v.* Leighton.

———

LEIGHTON *versus* LEIGHTON *&* al.

The equity jurisdiction, given to this court in cases of waste, is confined to cases of technical waste; cases in which there is a privity of estate.

PETITION for an injunction, alleging *that* the plaintiff now

owns and possesses, and for the last fifty years, has owned and possessed a twenty-eight acre lot of land, upon which there is growing a large quantity of valuable wood and timber ; — *that* one of the defendants has been committing strip and waste thereon, without any right or title, and without the consent and against the will of the plaintiff, by cutting and hauling away the wood and timber, for which the plaintiff has instituted against him an action of trespass, now pending ; — *that* both the defendants have expressed a determination, and made preparations, to commit further strip and waste, in the same way, against the will of the plaintiff ; — *that* such strip and waste would be to the plaintiff an injury which could not well be compensated by any damages, which he would be likely to recover ; — *that* the defendants are men of no pecuniary responsibility ; — and *that*, if the strip and waste be persisted in, the plaintiff must be without remedy.

Wherefore the plaintiff prays *that* the defendants be required to set forth, upon oath, what amount of wood and timber they have, either jointly or severally, carried away, or caused to be carried away, from the premises, or cut thereupon ; — *that* they be decreed to make payment for the same. and *that* they be restrained by a writ of injunction from any further strip and waste.

The defendants demurred to the bill for causes noticed in the argument.

*Deane*, for the defendant.

1. The bill shows that the plaintiff has a plain and adequate remedy at law.    R. S. chap. 96, sec. 10 ; *Webster* v. *Clark*, 25 Maine, 313 ; R. S. chap. 169, sec. 3.

2. Waste can be committed only by a person having some privity of estate, or some kind of tenancy in the premises. Eden on Injunction, chap. 9, page 115 to 129 ; Story's Equity Com., vol. 2, sect. 913 and 919 ; R. S. chap. 129, secs. 1, 6 7, 11, 14, 15, 16.

3. Courts of equity will not grant injunctions in matters of "trespass," except in case of *irreparable* injury, which cannot be prevented in any other way.    Eden on Injunction, c.

9, page 139, 1st ed.; *Johnson* v. *Lord Byron*, 7 Vesey, 308; Eden on Injunction, c. 9, page 318. *Stevens* v. *Beekman &* *als.* 1 Johns. Ch. 138, is a case very similar in all its features and directly in point.

4. The plaintiff has a plain and adequate remedy at law for any injury threatened against his property. R. S. c. 169, § 3, 4, 5, and 6.

5. If the bill as presented does not exhibit a case for the interference of a Court of Equity, it will be dismissed on demurrer. *Reed* v. *Johnson*, 24 Maine, 322.

It is not sufficient, that the case be one of which courts of *general equity powers* could take jurisdiction. It must be a case coming within the limited jurisdiction given by our statutes. *Reed* v. *Johnson*, 24 Maine, 322.

*Fessenden* and *Willis*, for the plaintiff.

By c. 96, § 11, "this court may issue writs of injunction in all cases of equity jurisdiction, whenever necessary to prevent injustice." This case is within a general equity jurisdiction, and the necessity is urgent. If our claim were only for past damages, the equity jurisdiction of this court would not attach. But we ask prevention. If we can hold for one purpose, the court will take cognizance of the whole. But if entitled to the injunction only, our process is not defeated by asking more.

This court has jurisdiction of waste, in the modern import of that term. 2 Story's Eq. Plead. § 918, 919, 925, 926, 928, 929; *Jerome* v. *Ross*, 7 Johns. Ch. 321, 322, 328, 330, 332.

WELLS, J. — The plaintiff in his bill alleges, that the defendant, Leighton, has committed strip and waste upon his land, described in the bill, by cutting and hauling away the wood and timber growing on it, that he has commenced an action of trespass against the defendant, which is now pending, and that both of the defendants have expressed their determination and intention, and have made preparations to com-

mit further strip and waste by putting on teams and taking off the wood and timber.

The defendants have demurred to the bill, and the question arises whether it can be maintained. The act done was a trespass, and those threatened to be done were of the same character.

This court has equity jurisdiction in those cases only in which it is conferred by statute, and it is expressly given in the case of waste, when there is not a plain and adequate remedy at law. Ch. 96, § 10. But the remedy given by an action of waste at the common law was confined to cases where there was a privity of estate. 2 Black. Com. 281. Our statute, chap. 129, sect. 1, gives the same action, to the person having the next immediate estate of inheritance, against tenants in dower, by the curtesy, tenant for life or years, in which he shall recover the place wasted, and the amount of damages done to the premises. The statute thus recognizes the privity of estate as the foundation of the action, and defines with accuracy its limits. The Legislature then gives the party injured a further remedy in equity.

Formerly, courts having general equity jurisdiction, confined the exercise of it in relation to waste, to such as was technically so called, but it was afterwards extended to trespasses where the mischief was irreparable, and operated as a permanent injury to the estate. Story's Eq. Jur. sect. 928 ; *Thomas* v. *Oakley*, 18 Vesey, 184. In *Stevens* v. *Beekman*, 1 Johns. Ch. 317, it was doubted whether this extension of the ordinary jurisdiction of the court would be productive of public convenience. And in *Jerome* v. *Ross*, 7 Johns. Ch. 345, while the jurisdiction was admitted to exist in that court, exercising full chancery powers, it was stated that it ought to be restrained to those cases where the property itself was of peculiar value, and could not well admit of due recompense, and would be destroyed by repeated acts of trespass. It is thus apparent, that courts of general chancery jurisdiction exercise it, in relation to a certain class of trespasses, and the question arises whether it has been given

to this court.   The same question has arisen upon a similar statute in Massachusetts, *Attaquin* v. *Fish,* 5 Metc. 140, and the rule laid down there as having been acted upon, in the construction of statutes conferring chancery jurisdiction upon the court, is, never to take cognizance of any subjects, which are not expressly brought within it by statute, and not to extend jurisdiction to such subjects by implication, and certainly not when the implication is doubtful.   And it was decided, that the equitable powers given concerning waste, extended to cases of technical waste only, and not to those trespasses, which courts, that have full chancery powers, restrain by injunction.

Acting upon this rule, to which no objection is apparent, we must confine the jurisdiction to cases of technical waste. We cannot find in the statute any clear and satisfactory intention to confer a more enlarged power.   Because courts of equity in the plenitude of their power have gone beyond legal waste, a term well defined and understood in the law, and have granted relief and injunctions in cases of trespasses committed and threatened to be committed, this court having but a limited jurisdiction, cannot feel justified in pursuing the same course.

Nor does there appear to be any pressing necessity for such action.   A party in possession of his property, has the legal right to protect and defend it.   If his timber is cut down, he may take or replevy it, or recover damages in an action of trespass.   And by statute, chap. 169, he may have a criminal process against any one, who has threatened to commit an offence against his person or property, and if there is just cause to apprehend and fear the commission of such offence, the person against whom the complaint is made, may be put under bonds, with sufficient sureties to keep the peace.   And when a party is out of possession of real estate, and has commenced an action to recover it, and the person against whom the action is brought shall commit any act of waste, or shall threaten to do so, by the Act of July 10, 1846, chap. 188,

the court in which such action is pending, may issue an injunction to stay such waste.

The remedies afforded by the law to the plaintiff are so ample, that there is less regret of a want of jurisdiction by which his bill could be sustained. This cannot be viewed as a bill for discovery, for it is not averred that the facts rest within the knowledge of the defendant alone, and are incapable of other proof. *Woodman* v. *Freeman*, 25 Maine, 546.

*Bill dismissed with costs.*